UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | 3:20MJ-767-RSE |
| JOSEPH SAMIR ZAKHARI | DEFENDANT |

*– Filed electronically –*

**MOTION FOR DISTRICT COURT TO STAY RELEASE ORDER PENDING DISPOSITION OF RELEASE ORDER APPEAL**

Comes the United States of America, by counsel, Jo E. Lawless, Assistant United States Attorney for the Western District of Kentucky, and respectfully requests the District Court to stay the release Order (DN 13), entered on February 16, 2021. The Order correctly notes that the United States requested immediate stay of any release. However, the Magistrate Judge did not immediately release the defendant due to the fact that the proposed third-party custodian was unavailable to escort the defendant to Maryland. Consequently, the Order references a release date of no early than February 22, 2021. *Id.*

Memorandum in Support

In *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009), that court noted

> [The defendant correctly argued] that § 3145 does not expressly authorize a stay. Nevertheless, as previously discussed with regard to review of the dismissal order, given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

*Brigham* concerned a release order in the context of revoking a term of supervised release. Nevertheless, the court went on to note that a number of district courts had recognized "stay"

power within the context of release in the area of pretrial detention. *Id*. (citations omitted). Moreover, the court noted that 18 U.S.C. "§ 3145(a) requires that review of a release order be determined "promptly." Hence, persons such as Brigham are protected from prolonged interim detention if a release order is later upheld by the reviewing district court." *Id*.

Certainly, the District Court has the authority to stay a release order. The United States respectfully requests the District Court exercise its authority to do so in this case until a review of the appeal / motion to revoke the release order can be fully considered.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
510 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
(502) 582-5097 (Fax)

## Certificate of Service

I hereby certify that a copy of the foregoing was sent through the Court's ECF system on February 18, 2021, to defense counsel.

*/s/ Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney