UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                 Plaintiff

v.                                                                    Criminal Action No. 3:21-cr-007
                                                                      Criminal Action No. 3:21-cr-020

JOSEPH SAMIR ZAKHARI                                                                    Defendant

\* \* \* \* \*

### ORDER

The United States moves this Court to revoke the Magistrate Judge's Order granting release ("Release Order") of Joseph Zakhari ("Zakhari") under 18 U.S.C. § 3145(a)(1). [DE 2]. On the United States' oral motion, the Magistrate Judge stayed execution of the Release Order pending appeal. [DE 2-2 at 18]. The stay ordered Zakhari to remain in custody until at least February 22, 2021. *Id.* This Court then extended the stay pending disposition of this appeal. [DE 4]. For the reasons below, the Court **DENIES** the United States' Motion for Revocation of the Release Order. [DE 2].

### I.   BACKGROUND

**1. Procedural History**

This matter was originally brought on a Criminal Complaint charging Zakhari with: (1) attempted transfer of obscene material to a minor (under age 16) in violation of 18 U.S.C. § 1470, (2) attempted production of child pornography in violation of 18 U.S.C. § 2251(a), and (3) attempted online enticement in violation of 18 U.S.C. § 2422(b). [*Zakhari II*,[1] DE 19 at 199-

---

[1] This Order references multiple proceedings currently pending against Zakhari. For clarity, the matters will be cited to as follows: "*Zakhari I*" refers to Case No. 3:19-cr-208; "*Zakhari II*" refers to Case No. 3:21-cr-020; "*Appeal*" refers to this matter, Case No. 3:21-cr-007. Finally, "*MJ Proceeding*" refers to Magistrate Judge Case No. 3:20-mj-767, which is a related proceeding to both *Zakhari II* and the instant matter (the *Appeal*).

1

200]. The United States' time to file an indictment was extended because of the grand jury postponements caused by the COVID-19 pandemic. [*MJ Proceeding*, DE 10].

At a preliminary and detention hearing on February 12, 2021, the Magistrate Judge found probable cause supported issuance of the Criminal Complaint. [*Appeal*, DE 2-2 at 18]. After hearing the parties' arguments on detention, the Magistrate Judge ordered Zakhari be released on a $25,000 unsecured bond with an order setting conditions of release. [*Id.*]. The United States then "made an oral motion to stay execution of the release order pending the filing of an appeal of the detention ruling." [*Id.*]. The Magistrate Judge granted the stay, scheduling Zakhari's release for "no earlier than 12:00 p.m. EST on February 22, 2021." [*Id.*]. Since the preliminary and detention hearing, a grand jury was impaneled and returned an Indictment against Zakhari containing all of the charges from the Criminal Complaint. [*Zakhari II*, DE 19 at 199-200].

The United States appeals the Magistrate Judge's Release Order under 18 U.S.C. § 3145(a)(1) and requests that the Court detain Zakhari. [*Appeal*, DE 2 at 2].

**2. Related Proceeding**

Zakhari is currently the defendant in another pending criminal matter before this Court. [*Zakhari I*]. Though the matters are distinct prosecutions, *Zakhari I* is related and relevant for purposes of this detention inquiry. As the Magistrate Judge noted, Zakhari was on bond for over a year in *Zakhari I*, which provides the Court with insight as to how Zakhari might behave if released in this matter. [*MJ Proceeding*, DE 16 at 114].

In *Zakhari I*, Zakhari is facing nearly identical charges to those in the current matter. *Zakhari I* charges: (1) attempted online enticement in violation of 18 U.S.C. § 2422(b), (2) attempted transfer of obscene material to a minor (under age 16) in violation of 18 U.S.C. § 1470, and (3) attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and

(e). [*Zakhari I*, DE 50 at 365-66]. Both matters arise from digital communications between Zakhari and undercover officers that were posing as minors for sting operations. [*MJ Proceeding*, DE 16 at 165]. Both matters also arise from events that transpired during a 72-hour period "between October 6, 2019, and October 8, 2019." [*Compare Zakhari I*, DE 50 at 365-66 *with Zakhari II*, DE 19 at 199-200]. When Zakhari was arrested in this matter, he was at his home on bond from *Zakhari I* with strict bond conditions in place. [*See Zakhari I*, DE 47].

Under the conditions of Zakhari's bond, he was under home incarceration subject to location monitoring, was prohibited from accessing any computer or the internet at any time or for any reason, and was prohibited from any contact with minors except for four predesignated individuals in his family. [*Zakhari I*, DE 8]. Additionally, the Court permitted Zakhari, "to the extent permitted by [his] probation officer, [to] access . . . the rear enclosed yard of his property," but such permission "in no way extend[ed] any access to the front yard of the property." [*Zakhari I*, DE 47 at 350].

Zakhari has violated the terms of his bond once, which "must not be minimized," however, "[a] consideration of the circumstances surrounding the violation . . . can relieve [some] concerns that Mr. Zakhari's conduct has more ominous implications." [*Appeal*, DE 5 at 31]. The violation is recounted by the defense as follows:

> The underlying problem was a loss of GPS transmissions, which occurred when Mr. Zakhari's father, wanting to protect contractors installing a new gutter, turned off the house's electricity. Mr. Zakhari's presence in the yard was in response to his father's request for help pulling down ivy that obstructed an area that the contractors needed to access. He was removing branches of ivy when the probation officer, coming to the scene to check on the GPS equipment, found him. When his father asked him for help, Mr. Zakhari should have said 'no'; even so, he was not in the yard for enjoyment's sake, and during the brief period he was pulling down ivy, he posed no danger to neighbors or people on the street.

[*Id.*]. The Court is not aware of any other violation of Zakhari's bond, and his Pretrial Services Report reflects this event as Zakhari's sole bond violation.

## II. STANDARD OF REVIEW

18 U.S.C. § 3145(a) governs review of release orders and provides that:

If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—

(1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and

(2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

"District courts exercise a *de novo* review of a magistrate judge's release or detention order. *United States v. Smith*, No. 20-cr-814, 2021 U.S. Dist. LEXIS 29576, at *10 (N.D. Ohio Feb. 17, 2021) (citing *United States v. Fitzhugh*, 2016 U.S. Dist. LEXIS 122953, 2016 WL 4727480 (E.D. Mich. Sept. 12, 2016)). Additionally, "courts have also chosen not to hold new hearings when the moving party asked for revocation based on the same evidence presented to the magistrate judge." *United States v. Goodwin*, No. 3:15-CR-101-DJH, 2015 WL 6386568, at *2 (W.D. Ky. Oct. 21, 2015) (citing *United States v. McGowan*, No. 5:13-123, 2013 WL 5743912, at *1 (E.D. Ky. Oct. 23, 2013)).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will *reasonably assure* the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(emphasis added); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004) (noting that the requirement is not one of "guarantee," but "reasonable assurance"). In

determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the district court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4).  A judge's finding that no set of conditions will reasonably assure the appearance of the person or the defendant threatens the safety of any other person in the community must be supported by clear and convincing evidence. *Id.* § 3142(f)(2)(B).  Proof of risk for flight is determined by a preponderance of the evidence. *United States v. Kirk*, No. 93-1459, 1993 US App. LEXIS 12069 at *2 (6th Cir. May 13, 1993).

## III.   DISCUSSION

"Neither party has put forth additional evidence or information in support of detention or release. Accordingly, there is no need for a hearing on this matter and the Court will rely on the Pretrial Services Report and the parties' briefings." *United States v. Smith*, No. 5:20-CR-2-TBR, 2020 U.S. Dist. LEXIS 101104, at *5 (W.D. Ky. June 9, 2020). The Court also reviewed the transcript and digital recording of the Magistrate Judge's preliminary and detention hearing. [*Appeal*, DE 8].

**1.   Presumption of detention under § 3142(e).**

Section 3142(e) of the Bail Reform Act requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in some cases. When the judicial officer finds that there is probable cause to believe that the defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention: "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id*. § 3142(e)(3). The presumption of § 3142(e)(3) imposes a burden of production on the defendant, requiring the defendant to come forward with evidence that he poses no danger to the community or is a risk of flight. Yet even when a defendant satisfies his burden of production, the presumption favoring detention does not disappear entirely but remains a factor to consider among those weighed by the court. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). It is the government's ultimate burden to prove that no conditions of release can ensure that the defendant will appear and to assure the safety of the community. *Id*. at 947.

6

i.   Risk of Flight

The United States does not seek detention on the grounds of flight risk or danger of nonappearance. [*Appeal*, DE 2 at 10; *Appeal*, DE 8 at 143]. Instead, the United States seeks detention based on risk of danger. [*Appeal*, DE 8 at 143]. Thus, the Court can create conditions that will reasonably ensure Zakhari's appearance.

ii.   Risk of Dangerousness

The Indictment charges Zakhari with violations of 18 U.S.C. §§ 1470, 2251(a), and 2422(b), two of which are offenses listed in 3142(e)(3)(E). [*Zakhari II*, DE 19 at 199-200]. The Magistrate Judge determined that there is probable cause to believe that Zakhari committed those offenses. [*MJ Proceeding*, DE 13 at 46]. This finding of probable cause triggers the presumption of detention under §3142(e)(3). The United States correctly acknowledges that this is a presumption case, and Zakhari makes no argument to the contrary. [*Appeal*, DE 2 at 10; *Appeal*, DE 5 at 28-29]. Thus, the presumption of detention applies.

Zakhari, however, has put forth evidence to rebut the statutory presumption. The defense highlighted Zakhari's high level of family support, his educational background, and his parents' professional background. [*Appeal*, DE 8 at 139]. Defense counsel also argued that, while Zakhari is currently the defendant in another pending criminal matter, Zakhari's alleged conduct in both cases took place in very close time to one another, and that since his first arrest, no additional criminal conduct has been alleged. [*Id.* at 151-52]. The Magistrate Judge noted that Zakhari has been out on bond in the other proceeding and has substantially adhered to the conditions of his bond. [*Id.* at 156]. After expressing concern about Zakhari's direct violation of the terms of his home incarceration (by both Zakhari and his father, as third party custodian of the bond), the Magistrate Judge noted that this violation was not one that put the community in

appreciable danger, and that it was Zakhari's only violation in over a year of home incarceration. [*Id.* at 156, 158]. Overall, as the Magistrate Judge noted, Zakhari seems to have largely complied with the conditions of his bond, and importantly, there has been no allegation that Zakhari has put his community in danger during the time of his home incarceration. [*Id.* at 156]. That said, while the presumption was initially rebutted as to dangerousness, the presumption remains a factor to be considered by the Court along with the other factors listed in §3142(g). The Court will examine each factor in turn.

### 1. Factors to be considered under § 3142(g).

#### i. Nature and circumstances of the offense charged.

First, the nature and circumstances of the offenses charged are serious. Zakhari is charged with two crimes that trigger the presumption against release. These allegations are crimes Congress specifically set apart as so dangerous that they require the presumption of detention. "The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, 'courts would be giving too little deference to Congress' findings regarding this class.'" *United States v. Lattner*, 23 Fed. App'x 363, 364, (6th Cir. 2001) (citing *United States v. Martir*, 782 F.2d 1141, 1144 (2d. Cir. 1986).

The nature and circumstances of the offenses charged are serious and warrant special attention. *See Goodwin*, 2015 WL 6386568 at *2. The statute instructs the Court to consider whether the offense "is a crime of violence . . . or involves a minor victim." *Id*. (citing 18 U.S.C. § 3142(g)(1)). Zakhari's offenses involve the attempted online enticement of a 14-year-old as well as the transfer of obscene material to her. The allegations are very serious and disturbing. The attempted enticement charges allege crimes involving a minor and are, therefore, crimes of

violence. 18 U.S.C. § 3156(a)(4)(C) (defining "crime of violence" as used in the Bail Reform Act to include "any felony under chapter . . . 117[.]"); *United States v. Champion*, 248 F.3d 502, 506 (6th Cir. 2001) (recognizing that violations of federal statutes designed to protect minors constitute a crime of violence). As a result, this factor weighs heavily in favor of a finding of detention.

      ii. <u>Weight of the evidence against the Defendant.</u>

  Second, as to the weight of the evidence against the Zakhari, this factor refers to the weight of the evidence of dangerousness and not the weight of the evidence of guilt. *Stone*, 608 F.3d at 948. Zakhari is the defendant in another pending criminal matter. Zakhari has had one violation of his bond in about a one year period, but as discussed above, the violation did not result in danger to the community. Despite Zakhari's currently pending criminal charges in this case and the other, there is no evidence that Zakhari has created additional danger or engaged in additional criminal conduct while on bond in the other matter. The Court notes however that even with strong family support, his medical school education and personal ties to the community, Zakhari acted on his sexual desires and placed minors at risk of harm.

      iii. <u>History and characteristics of the Defendant.</u>

  Third, as to Zakhari's personal history and characteristics, the Pretrial Services Report establishes that he is a life-long resident of the community in Maryland, although he has limited ties to Kentucky where he was in school. He has a strong educational background and a stable family. He has no criminal history outside of the other currently pending criminal matter, and no history of drug or alcohol abuse. He also has no history regarding failure to appear.

  Under this factor, the Court also considers whether the Defendant was "on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an

offense under Federal, State or local law" at the time of the current offense or arrest. 18 U.S.C. § 1342(g)(3)(b). Here, Zakhari was on release pending trial for an offense under Federal law. [*Appeal*, DE 5 at 26]. As noted, other than one clear violation of his bond restrictions, Zakhari has largely complied with the restrictions of his bond, including those directly related to his alleged conduct in this matter (e.g., no contact with minors, no internet use). [*See id.* at 29 "There is absolutely no proof, for instance, that Mr. Zakhari has had unlawful or secret contact with any child, by internet or phone or any other means, while on home incarceration; there is no evidence whatsoever that he will 'sexually prey on minor victims' unless kept in jail."].

### iv. Nature and seriousness of the danger to any person or the community.

The final factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Allegations of enticing a child to engage in sexual activity are particularly dangerous and pose a threat the Court cannot easily mitigate if Zakhari is released. The Court must rely on Zakhari's promises and those of his father (the third-party custodian) that he will continue to abstain from using the internet and avoid contact with minors. The Court notes that Zakhari's father was involved in his prior bond violation. However, as noted, the violation did not result in danger to the community. All the charges Zakhari currently faces arise from electronic communications. His bond violation, while disconcerting, did not resemble any of the wrongful conduct with which Zakhari is currently charged. As Magistrate Judge Lindsay cautioned, *any* violation of bond terms is incredibly serious and Zakhari and his father's behavior is troubling, [*MJ Proceeding*, DE 16 at 182]; even so, because the violation was one single instance that did not create appreciable danger in their community, the Court remains hopeful that Zakhari and his third

10

party custodian are capable of strict compliance with the terms of his bond. After over one year on stringent bond restrictions, Zakhari does not appear to have violated his bond in any way directly related to electronics or contact with minor children. Overall, even considering Zakhari's prior bond violation, the United States has not put forward clear and convincing evidence that Zakhari's release poses a danger to the community. Zakhari has already been on bond for the majority of time that has passed since the alleged commission of the crimes with which he is presently charged, and as noted above, there has been no allegation that he engaged in further illegal behavior or in behavior that put the community in danger during this time. This demonstrates the existence of a combination of conditions that will reasonably assure the safety of the community, as it has done for one year already.

      v.      <u>Weighing of the factors.</u>

After weighing the factors, evaluating Defendant's history of compliance with the conditions of his previous bond, reviewing the transcript from Magistrate Judge Lindsay's detention hearing and the parties' briefs de novo, and consultation with the probation office and the Pretrial Services Report, the Court determines that the conditions imposed reasonably assure the safety of the community and the appearance of the Defendant. [*See Zakhari II*, DE 12]. Those conditions include home incarceration subject to location monitoring (and access to his back yard, *but not his front yard*, as permitted by probation), no contact with any minors other than supervised contact with the four minor children in his family, and no computer or internet access whatsoever. [*Id.*]. These conditions, identical the conditions with which he was out on bond in the other matter, reasonably assure Zakhari's appearance as well as the safety of the community.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1) The United States' request to revoke Zakhari's release pursuant to 18 U.S.C. § 3145(a)(1) and impose institutional detention [*Appeal*, DE 2] is **DENIED**.

2) The Defendant shall be released on a $25,000 unsecured bond subject to the Magistrate Judge's conditions of release. [*Zakhari II*, DE 12].

3) The Court's Deputy shall notify the US Marshal that the stay on Zakhari's release [*Appeal*, DE 4] is **LIFTED**.

4) The Defendant may only be released to the custody of his father; upon his release, they shall report immediately to United States Probation for fitting of the location monitoring device.

5) The Clerk is directed to **CLOSE** this matter [Case No. 3:21-cr-007] and **STRIKE** it from the Court's docket as all remaining matters are now before the Court in Case No. 3:21-cr-0020.